# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE:** | : | Bankruptcy No. 18-70245-JAD |
| **Brian K. Grumbling and** | : | |
| **Patricia Grumbling,** | : | Chapter 13 |
| **Debtors** | : | |
| | : | Docket No. |
| **Brian K. Grumbling and** | : | |
| **Patricia Grumbling,** | : | Related to Docket No. 82 |
| **Movants** | : | |
| vs. | : | Hearing Date & Time: April 27, 2022 |
| | : | 11:00 AM |
| **Affirm, Inc.,** | : | |
| **Apex Bank f/k/a Bank of Camden,** | : | |
| **Applied Bank,** | : | |
| **Associated Credit Services, Inc.,** | : | |
| **Cambria Thrift Consumer Discount,** | : | |
| **Capital One Bank, N.A.,** | : | |
| **Citi Cards,** | : | |
| **Comcast,** | : | |
| **Comenity Bank/Kingsi,** | : | |
| **Comenity Bank/Womwt,** | : | |
| **Credit Management Company,** | : | |
| **Dr. Leonard's Shop Now Pay Plan,** | : | |
| **Eastern Revenue,** | : | |
| **Encore Payment Systems,** | : | |
| **Enhanced Recovery Co., LLC,** | : | |
| **Fingerhut,** | : | |
| **First Data,** | : | |
| **First National Credit Card/Legacy,** | : | |
| **First Savings Credit Card,** | : | |
| **Gettington Customer Service,** | : | |
| **Holiday Financial Service,** | : | |
| **Internal Revenue Service,** | : | |
| **James R. Moore, D.D.S.,** | : | |
| **Lowry Radiology Associates, Inc.,** | : | |
| **Merrick Bank,** | : | |
| **Penelec,** | : | |
| **PA Department of Revenue,** | : | |
| **Remit Corporation,** | : | |
| **Toyota Motor Credit,** | : | |
| **Windber Area Authority,** | : | |
| **Windber Medical Center,** | : | |
| **Respondents** | : | |
| | : | |
| **and** | : | |
| | : | |
| **Ronda J. Winnecour, Esquire,** | : | |
| **Chapter 13 Trustee,** | : | |
| **Additional Respondent** | : | |

1

## ORDER APPROVING POSTPETITION AUTOMOBILE FINANCING

This matter comes before the Court upon the Motion to Obtain Auto Financing, Docket No. 82 ("Motion") filed by Debtors on March 21, 2022. A Certificate of No Objection ("CNO") was not filed due to a response filed by the Chapter 13 Trustee on April 6, 2022, Docket No. 84. No other responses were filed/received in regards to the Motion. Based upon the foregoing, and for good cause shown, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The Motion, Docket No. 82, is **GRANTED** as provided by the terms of this *Order*. Debtors are authorized to obtain secured financing for the purchase of a replacement vehicle on the following terms:

    a. the total amount of financing **shall not exceed Twenty-Five Thousand Dollars ($25,000.00)**; and

    b. the monthly payments made under the financing agreement **shall not exceed Four Hundred Fifty Dollars ($450.00)**; and

    c. the interest rate made under the financing agreement **shall not exceed 19.99%**.

2. To the extent that Debtors secure financing for the purchase of a new vehicle, such payments **shall be made through the Chapter 13 Plan**. Within **30 DAYS** of securing such financing, Debtors shall file:

    a. An Amended Chapter 13 Plan; and

    b. A report of financing

3. To ensure the prompt and timely payment of the automobile loan, Debtors shall make a supplemental payment to the Chapter 13 Trustee **within 7 days** of filing the report of financing (and each month thereafter as necessary) in an amount sufficient for the trustee to cover the installments due on the loan. The supplemental payments shall be in addition to the regular plan payment, pending confirmation of the amended plan.

4. Upon the filing of the report of financing, the Chapter 13 Trustee is authorized to cease making payments to Toyota Motor Credit on account of Claim No. 3. Pending confirmation of any amended plan providing for the new postpetition loan payments, the trustee is authorized to make monthly adequate protection payments to the postpetition automobile lender for the contract amount so long as sufficient supplemental funds are provided by Debtors.

5. Notwithstanding the inclusion of the postpetition loan within an Amended Chapter 13 Plan, the underlying terms of the loan shall not be modified absent the consent of the postpetition automobile lender.

6. Debtors shall serve copies of this Order on all creditors eligible to receive distributions through the Chapter 13 Plan and file proof of the same with the Court.

BY THE COURT:

_____
JEFFERY A. DELLER
United States Bankruptcy Judge

Case Administrator to Mail to:
Debtor(s)
Counsel for Debtor(s)
Ronda J. Winnecour, Esq.
Office of the U.S. Trustee